c **UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE ROSARIO,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:22-0866** |
| **v.** | : | **(JUDGE MANNION)** |
| **J. COOK,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

## I. BACKGROUND

On June 1, 2022, Plaintiff, Jose Rosario, an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania, (SCI-Huntingdon) filed the above caption civil rights action, pursuant to 42 U.S.C. §1983. (Doc. 1). The action proceeds via an amended complaint, which was filed on August 4, 2023. (Doc. 18). The named Defendants are the following SCI-Huntingdon employees: Security Officer Cook, Unit Manager Ralston and Superintendent Rivello. Id. Plaintiff seeks compensatory and punitive damages for Defendants' alleged retaliation, in violation of the First and Fourteenth Amendments. Id.

Presently before the Court is Defendants' motion to dismiss for failure to state a claim. (Doc. 19). The motion is ripe for disposition. For the reasons that follow, the Court will deny Defendants' motion to dismiss.

## II. ALLEGATIONS IN AMENDED COMPLAINT

Plaintiff states that he filed grievances and on October 29, 2021, he filed Civil Action No. 3:21-cv-1840, in the United States District Court for the Middle District of Pennsylvania against Defendants Ralston and Rivello challenging inhumane conditions of confinement at SCI-Huntingdon. (Doc. 18).

On December 27, 2021, Plaintiff claims that Defendant Cook "conducted a cell search of Plaintiff's cell and threaten Plaintiff by saying 'I hear that you like to file grievances and lawsuits [and] that's why we are hear to show you that we do not tolerate inmates who like to file lawsuits'." Id. Defendant Cook then "found Plaintiff's Timberland watch and stated, 'since you like to file lawsuits, I am confiscating this watch, and every time I search your cell, I will confiscate something, so you better withdraw your lawsuit'." Id.

On December 28, 2021, Plaintiff spoke with Defendant Ralston about the confiscation of Plaintiff's watch and Defendant Ralston stated that "Plaintiff was making him miserable by filing grievances and complaints and if Plaintiff was to file another grievance, that he would have to continue to direct Defendant Cook to search Plaintiff's sell, to issue fabricated

misconducts, and to confiscate his personal property until there's nothing to confiscate." Id.

Plaintiff files the instant action claiming that "Defendants Cook, Ralston, and Rivello's retaliation against Plaintiff for exercising protected conduct against Defendants violated Plaintiff's First Amendment rights under the United States Constitution in that it constituted an attack on Plaintiff's right to freedom of speech and right to seek redress of grievances." Id. For relief, Plaintiff seeks compensatory and punitive damages against all Defendants. Id.

## III. MOTION TO DISMISS

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp.

- 3 -

v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief"." Id. at 211 (quoted case omitted).

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal

- 4 -

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## IV. DISCUSSION

### A. Section 1983

Section 1983 is the vehicle by which private citizens may seek redress

for violations of federal constitutional rights committed by state officials. See

42 U.S.C. §1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means

through which "to vindicate violations of federal law committed by state

actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa.

2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state

a cause of action under Section 1983, a plaintiff must allege that: (1) the

conduct complained of was committed by persons acting under color of state

law; and (2) the conduct violated a right, privilege, or immunity secured by

the Constitution or laws of the United States. See Harvey v. Plains Twp.

Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## B. First Amendment Retaliation

Rosario alleges that Defendants retaliated against him for filing a grievance and lawsuit by searching his cell and confiscating his personal property.

An inmate stating a retaliation claim pursuant to the First Amendment bears the burden of satisfying three elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, a plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." Id. (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." Id. (quoting Suppon v. Dadonna, 2013 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Id. at 333-34 (quoting Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

The mere fact that an adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. See Delli Santi v. CNA Ins. Cos., 88 F.3d 192, 199 n. 10 (3d Cir. 1996). Only when the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, on its own, support an inference of causation. Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997). If a prisoner establishes a prima facie case of retaliation, the burden shifts to prison officials to show, by a preponderance of the evidence, that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. If the prison officials can make this showing, it defeats the retaliation claim. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002).

### a. Protected Activity and Adverse Action

It is well-settled that inmates engage in protected activity when they file grievances and lawsuits. See Anderson v. Davila, 125 F.3d 148, 161-62 (3d Cir. 1997); see also Watson, 834 F.3d at 422-23; Mearin v. Vidonish, 450 F. App'x 100, 102 (3d Cir. 2011). Thus, the Court must consider whether the alleged adverse actions set forth above are actionable under §1983. To be actionable under §1983, the adverse action "need not be great" but "must be

more than de minimis." McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006) (internal quotation marks omitted). Moreover, "[t]he cumulative impact of retaliatory acts may become actionable even though the actions would be de minimis if considered in isolation." Brennan v. Norton, 350 F.3d 399, 422 n.17 (3d Cir. 2003).

Defendants assert that a cell search is not a sufficiently adverse action. (Doc. 21). For the reasons set forth below, the Court is unpersuaded by Defendants' argument.

While cell searches are a routine part of prison life, Hudson v. Palmer, 468 U.S. 517, 526-27, it does not mean that searches that constitute "calculated harassment unrelated to prison needs" are permissible. Id. at 530. The Third Circuit has held that a retaliatory search and seizure may be sufficient to satisfy the adverse action prong of a retaliation clam. See Humphrey v. Sec'y Pa. Dep't of Corr., 712 F. App'x 122, 124-25 (3d Cir. 2017) (citing Bell v. Johnson, 308 F.3d 594, 604 (6th Cir. 2002)).

Moreover, Rosario is not basing his retaliation claim only upon the cell search. Rather, Rosario avers that personal property was taken from his cell. This Court has noted that a cell search and resulting confiscation of property may constitute adverse action "if motivated solely by a retaliatory motive." Hernandez-Tirado v. Lowe, No. 3:14-cv-1897, 2017 WL 3433690, at *10

- 8 -

(M.D. Pa. Aug. 10, 2017). The Court finds the reasoning set forth in Humphrey and Hernandez-Tirado to be persuasive and the cell search and confiscation of personal property allegations are sufficient to satisfy the adverse action prong of the *prima facie* retaliation claim.

### b. Causation Connection

With respect to the third prong of a retaliation claim, while causation may be established by direct or circumstantial evidence, "motivation is almost never subject to proof by direct evidence." Watson, 834 F.3d at 422. Thus, motivation is typically demonstrated by "evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." Id.

Here Plaintiff alleges that Defendant Cook specifically stated that the reason he was taking his watch was to stop the lawsuits Plaintiff continued to file. (Doc. 18 at 4). Additionally, Plaintiff claims that Defendant Ralston told Plaintiff that if he continues to keep filing grievances and civil actions, he will continue to direct Defendant Cook to search his cell and confiscate his personal property until there was nothing left to confiscate. (Doc. 18 at 5). At this preliminary juncture in this litigation, these allegations are sufficient to suggest a causal connection between Plaintiff's protected activity and the

- 9 -

resulting adverse action.

Following Plaintiff's satisfaction of a *prima facie* retaliation claim, Defendants "may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. The Third Circuit has specifically warned "that the task of prison administration is difficult, and that courts should afford deference to decisions made by prison officials who possess the necessary expertise." Id. However, at this juncture, Defendants have not yet demonstrated that their actions were reasonably related to a legitimate penological reason. Therefore, Defendants' motion to dismiss will be denied.

## V. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion to dismiss. A separate Order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 12, 2024**
22-0866-01

- 10 -