## c UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOSE ROSARIO,                          :

      **Plaintiff**                          :          CIVIL ACTION NO. 3:22-0866

**v.**                                 :               (JUDGE MANNION)

J. COOK, *et al.*,                     :

      **Defendants**                        :

## MEMORANDUM

Plaintiff Jose Rosario is a *pro se* litigant currently incarcerated at the State Correctional Institution at Huntingdon (SCI Huntingdon), located in Huntingdon, Pennsylvania. (Doc. 1). He filed the instant civil rights action, pursuant to 42 U.S.C. §1983,[1] claiming that the SCI Huntingdon officials conducted a deliberate search of his cell to confiscate his wristwatch in retaliation for his filed grievances and lawsuits. Presently pending is Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56. (Doc. 35). Because Rosario has not responded to

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

Defendants' Rule 56 motion, after being granted multiple time extensions,[2] the Court will grant Defendants' unopposed motion for summary judgment.[3]

## I. BACKGROUND

On June 1, 2022, Plaintiff, Jose Rosario, an inmate confined at SCI-Huntingdon filed the above caption civil rights action, pursuant to 42 U.S.C. §1983. (Doc. 1; *see also*, Doc. 18). The named Defendants are the following SCI-Huntingdon employees: Security Officer Cook, Unit Manager Ralston and Superintendent Rivello. (Doc. 18).

Plaintiff stated that he had previously filed grievances against prison officials and on October 29, 2021, he filed Civil Action No. 3:21-cv-1840, in the United States District Court for the Middle District of Pennsylvania against Defendants Ralston and Rivello challenging purported inhumane conditions of confinement at SCI-Huntingdon. (Doc. 18).

On December 27, 2021, Plaintiff claims that Defendant Cook conducted a search of Plaintiff's cell in retaliation for Plaintiff's filed grievances and lawsuits, and after finding Plaintiff's Timberland watch, stated "I am confiscating this watch, and every time I search your cell, I will

---

[2] (Docs. 39 and 42).

[3] By order, Plaintiff was informed that a failure to timely file an opposition brief and a statement of material facts, as done so here, will result in the motion being deemed unopposed and the Defendants' statement of material facts being deemed admitted. (Doc. 40).

confiscate something, so you better withdraw your lawsuit'." (Doc. 18). However, based on the admitted facts, Defendant Cook conducted a random cell search pursuant to his assignment (Doc. 36, at ¶11), and Plaintiff's most recent grievance prior to that search occurred nearly five months earlier— rendering any causal linkage between the two highly attenuated.

Before conducting the above search, Defendant Cook questioned Plaintiff if there was any contraband in his cell, to which Plaintiff replied "no." (Doc. 36, at ¶12). When Defendant Cook discovered the Timberland Watch, he inspected Plaintiff's electronics log and did not find the watch listed. (*Id.*, at ¶14).[4] Consequently, Defendant Cook placed the watch in security, confiscating the item because it was in violation of DOC policy DC-ADM 815. (*Id.*, at ¶16).[5] Furthermore, Defendant Cook denied ever making any statement suggesting that the cell search was conducted in retaliation for Plaintiff's prior grievances or lawsuits. (*Id.*, at ¶15). A misconduct against

---

[4] Plaintiff's most recent personal property list before the incident, completed on October 4, 2021, included the Timberland Watch in question, but the top of the form stated to "hold for inmate," indicating that the watch was not to be placed in Plaintiff's possession. (Doc. 36, at ¶17).

[5] According to the Department of Corrections DC-ADM 815, Section 3 (Personal Property, Cell Contents, and Contraband), any items listed in that section will be retained for examination and screening for contraband, including a "watch ($50 maximum value with time, day, and date feature only)." (Doc. 36, at ¶16).

- 3 -

Plaintiff ensued where he was found guilty of possession of the watch in clear violation of institutional policies. (*Id.*, at ¶17).[6]

A day after the cell search, Plaintiff claims that he spoke with Defendant Ralston about the confiscation of his watch and that Defendant Ralston stated that "Plaintiff was making him miserable by filing grievances and complaints and if Plaintiff was to file another grievance, that he would have to continue to direct Defendant Cook to search Plaintiff's sell [sic], to issue fabricated misconducts, and to confiscate his personal property until there's nothing to confiscate." (Doc. 18). However, based on the admitted facts, such a colorful exchange never came to pass as Defendant Ralston was not in the facility on that day. (Doc. 36, at ¶20). Neither was Defendant Rivello, whom Plaintiff also alleged retaliated against him. (*Id.*, at ¶¶21-22).

Plaintiff filed his complaint on June 1, 2022, asserting a First Amendment retaliation claim. (Doc. 1). Plaintiff's complaint sought damages in the form of injunctive relief, compensatory damages, punitive damages, and costs. (*Id.*) He subsequently filed an amended complaint on August 4, 2023. (Doc. 18). In response, Defendants submitted their motion to dismiss. (Doc. 19). The Court later denied such motion, (Docs. 27 and 28), and issued

---

[6] The Timberland Watch was estimated to have a value of $218.00 online, exceeding the maximum value enumerated in the DOC DC-ADM 815. *See supra*, n. 5.

a case management order on July 18, 2024. (Doc. 31). Defendants filed a motion for extension of time on November 22, 2024, (Doc. 32), which was granted and the deadline for dispositive motions was moved to December 30, 2024. (Doc. 33).

Pursuant to the Court's above-mentioned order, and the motion for extension of time, Defendants now submit their motion for summary judgment. (Doc. 35). Defendants filed a corresponding statement of facts, (Doc. 36), and a brief in support of their motion. (Doc. 37). Plaintiff, after receiving a time extension, (Doc. 39), failed to file a response thereto. Consequently, the Court directed him to timely file an opposition brief and a statement of material facts, and warned him that a failure to do so will result in Defendants' motion being deemed unopposed and their statement of material facts deemed admitted. (Doc. 40). Plaintiff requested another time extension, which the Court granted—setting July 15, 2025, as the deadline to submit the appropriate materials. (Doc. 42). Such a deadline has passed. Plaintiff has neither filed a response nor sought another extension of time to do so. Defendants' unopposed motion for summary judgment is therefore ripe for disposition.

## II. STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor." *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014). This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986). A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original). Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving

party. *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

## III. DISCUSSION

Defendants contend that Plaintiff is unable to satisfy his Rule 56 burden because he cannot adduce any competent evidence to establish a genuine issue of material fact as to his Section 1983 claims. The Court agrees and finds that Plaintiff has failed to carry his Rule 56 burden, so judgment must be entered in favor of Defendants.

### A. Failure to Oppose a Rule 56 Motion

First, Plaintiff has failed to carry his burden at summary judgment because he has not opposed Defendants' Rule 56 motion in any way. Plaintiff has not identified any record evidence that would rebut Defendants' contention (and supporting evidence) that they conducted a targeted search and confiscated his property in retaliation for his filed grievances and lawsuits. Plaintiff has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor. In fact, Plaintiff has not even responded to

Defendants' Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed.[7]

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice." *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (emphasis added) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)). Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c)(3). No materials have been provided or cited to by Plaintiff in opposition to Defendants' Rule 56 motion. Thus, because Plaintiff has failed to establish that there is a genuine dispute of material fact for trial, the Court must grant Defendants' unopposed motion for summary judgment.

---

[7] *See* Local Rule of Court 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

## B. Merits of Claims

Second, summary judgment must be granted in Defendants' favor because, upon consideration of the Rule 56 record, there is no evidence that would sustain a verdict in his favor on his Section 1983 claims.

### 1. Lack of Personal Involvement

Defendants Ralston and Rivello are entitled to summary judgment because they were not personally involved.

It is well established that to be personally liable in a Section 1983 action, the defendant must have been personally involved in the alleged wrongs; in effect, the state actor must have played an affirmative part in the alleged misconduct to be subject to liability. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). In line with the foregoing, "liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207. One's "personal involvement" may be established by alleging that he had actual knowledge and acquiesced or personally directed the events in question that resulted in the plaintiff's deprivation of rights. *Id.*

On December 28, 2021, Plaintiff alleges that Defendant Ralston told him that he was making his life miserable in retaliation for filing grievances and complaints. Plaintiff additionally claims that Defendant Ralston stated he

would continue to have Defendant Cook search Plaintiff's cell and confiscate items. However, according to the admitted facts, Defendant Ralston was not even inside the facility on December 28, 2021, the date this alleged conversation took place. Thus, Plaintiff has failed to show that Defendant Ralston was personally involved, let alone that he communicated any statements to Plaintiff.

Similarly, Defendant Rivello was not present at the facility on December 28, 2021, and Plaintiff has failed to provide any evidence that Defendant Rivello was personally involved in this matter. If Plaintiff names Defendant Rivello merely due to his supervisor capacity as superintendent, such a claim fails because liability cannot be predicated on a theory of *respondeat superior.* Accordingly, with no personal involvement established for either Defendants, the Court must grant summary judgment in their favor.

## 2. Failure to Prove a First Amendment Retaliation Claim

Plaintiff alleges that Defendants retaliated against him for filing grievances and lawsuits by searching his cell and confiscating his personal property. However, such a claim does not withstand scrutiny under the record evidence and fails to survive summary judgment.

An inmate stating a retaliation claim pursuant to the First Amendment bears the burden of satisfying three elements. First, a plaintiff must prove

that he was engaged in a constitutionally protected activity. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). As the Court has previously stated, "[i]t is well-settled that inmates engage in protected activity when they file grievances and lawsuits." (Doc. 27, at 7-8) (citing *Anderson v. Davila*, 125 F.3d 148, 161-62 (3d Cir. 1997), *Watson*, 834 F.3d at 422-23, and *Mearin v. Vidonish*, 450 F. App'x 100, 102 (3d Cir. 2011)). Second, a plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." *Id.* (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." *Id.* (quoting *Suppon v. Dadonna*, 2013 F.3d 228, 235 (3d Cir. 2000)). Again, as the Court previously stated, "a cell search and resulting confiscation of property may constitute adverse action 'if motivated solely by a retaliatory motive.'" (Doc. 27, at 8-9) (citing *Hernandez-Tirado v. Lowe,* No. 3:14-cv-1897, 2017 WL 3433690, at *10 (M.D. Pa. Aug. 10, 2017). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." *Id.* at 333-34 (quoting *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The mere fact that an adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. *See Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 199 n. 10 (3d Cir. 1996). Only when the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, on its own, support an inference of causation. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997). If a prisoner establishes a prima facie case of retaliation, the burden shifts to prison officials to show, by a preponderance of the evidence, that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser*, 241 F.3d at 334. If the prison officials can make this showing, it defeats the retaliation claim. *See Carter v. McGrady*, 292 F.3d 152, 159 (3d Cir. 2002). Here, Defendants have made such a showing.

As shown in the admitted facts, Defendant Cook conducted a random cell search of Plaintiff's cell based upon the assignment he was given that day—not upon any retaliatory motive. Defendant Cook discovered and confiscated Plaintiff's Timberland Watch during the search to examine and screen it for contraband. This action was required under DOC policy DC-ADM 815, which mandates inspection and possible confiscation of personal

items including a "watch ($50 maximum value with time, day, and date feature only)." *See supra*, n. 5. The watch, which was valued at $218, was not listed in the electronics log, and was specifically to be "h[e]ld for inmate," and not placed in his possession. *See supra*, at 3-4. As a result of having maintained the watch in his cell, Plaintiff was later found guilty of the issued misconduct because the possession of the watch was in clear violation of institutional policies. Thus, contrary to Plaintiff's assertion, the search was randomized and the confiscation served legitimate penological purposes—namely, inspection to prevent contraband. Furthermore, a causal connection between his last filed grievance and the search is highly attenuated given that nearly five months that lapsed between the two events. Lastly, no statement expressing a retaliatory motive was ever made by Defendant Cook, and Plaintiff has offered no evidence to support his retaliation allegation or to counter the Defendants' undisputed factual assertions. Accordingly, Plaintiff's First Amendment retaliation claim fails, and summary judgment in favor of the Defendants will be granted.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. An appropriate Order follows.

_____

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/11/25
22-0866-02